Any data shown here are current as of 06/11/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

| | |
|---|---|
| Case Title: | Antel Cordell Clark, et al. v. U.S. Department of Justice Office of The, et al. |
| Case Number: | 04-01047 |

## Document Information

| | |
|---|---|
| Description: | Order Granting in Part, Denying in Part [24-1] Motion To Dismiss Adversary Proceeding w/o Prejudice by Antel Cordell Clark, Carmelita Clark, Plaintiffs . |
| Received on: | 2004-11-03 09:49:12.000 |
| Date Filed: | 2004-11-03 00:00:00.000 |
| Date Entered On Docket: | 2004-11-03 00:00:00.000 |

## Filer Information

| | |
|---|---|
| Submitted By: | Ellen Snyder |

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re: ANTEL CLARK and                  No. 7-03-15342 MA
      CARMELITA CLARK,

      Debtors.
_____

ANTEL CLARK and
CARMELITA CLARK,

      Plaintiffs,

v.                                                   Adv. No. 04-1047 M

THE U.S. DEPARTMENT OF JUSTICE OFFICE
OF THE UNITED STATES TRUSTEE DISTRICT
OF NEW MEXICO, PHILIP J. MONTOYA, and
RON E. ANDAZOLA

## ORDER DENYING IN PART, AND GRANTING, IN PART, PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE ADVERSARY CASE NUMBER 04-1047 M

THIS MATTER is before the Court on the Plaintiffs' Motion to Dismiss Without Prejudice Adversary Case Number 04-1047 (the "Motion to Dismiss Without Prejudice") filed on August 19, 2004. Plaintiffs filed this Complaint on March 15, 2004 alleging several causes of action including abuse of discretion, obstruction of justice, intentional discrimination, conspiracy against citizens rights, intentional infliction of emotional and financial distress, and negligence,. Plaintiffs' Complaint also includes a claim for fraud against the Chapter 7 Trustee assigned to this bankruptcy case, Philip J. Montoya (the "Trustee") in connection with the Trustee's actions in the Plaintiffs' bankruptcy case. The Plaintiffs also allege that the Defendant, Ron Andazola ("Andazola"), the Assistant United States Attorney, Office of the United States Trustee for the District of New Mexico, failed to supervise the

1

Trustee, and improperly allowed the Trustee to file a notice of no asset in this bankruptcy case.

Voluntary dismissals are governed by Rule 41(a), Fed.R.Civ.P., made applicable to adversary proceedings by Rule 7041, Fed.R.Bankr.P. Pursuant to Rule 41(a)(1), Fed.R.Civ.P., a plaintiff may voluntarily dismiss a proceeding without an order of the Court "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Rule 41(a)(1), Fed.R.Civ.P. If defendant has filed an answer or motion for summary judgment, a plaintiff can dismiss a proceeding upon stipulation by the parties, or by court order. *See* Rule 41(a)(1) and (2), Fed.R.Civ.P. Here, Defendant Philip J. Montoya filed an answer to Plaintiffs' Complaint well before Plaintiffs filed their Motion to Dismiss Without Prejudice, and opposes the Motion to Dismiss With Prejudice. Therefore, Plaintiffs cannot dismiss this proceeding as to Defendant Philip J. Montoya without a court order, implicating Rule 41(a)(2), Fed.R.Civ.P.

Under Rule 41(a)(2), Fed.R.Civ.P., an action may be dismissed upon a plaintiff's request only by Court order, and only "upon such terms as the court deems proper." Plaintiffs assert that this Court lacks jurisdiction over this adversary proceeding as grounds for dismissal. This Court's jurisdiction is governed by 28 U.S.C. § 157, which states that bankruptcy courts have jurisdiction in all core proceedings arising under title 11, or arising in a case under title 11. Core matters include matters concerning the administration of the bankruptcy estate. *See* 28 U.S.C. § 157(b)(2)(A). The Complaint alleges causes of action against the defendants in connection with actions taken in their bankruptcy case. Therefore, the Court has jurisdiction over this proceeding and will deny the Plaintiffs' Motion to Dismiss Without Prejudice as to Defendant Philip J. Montoya.

Plaintiffs' request for voluntary dismissal of their Complaint against Defendants U.S.

Department of Justice and Ron E. Andazola must be granted. Defendants U.S. Department of Justice and Ron E. Andazola have not filed an answer or a motion for summary judgment. Instead, these Defendants filed a motion to dismiss in response to Plaintiffs' Complaint. The filing of a motion to dismiss fails to terminate Plaintiffs' absolute right to voluntarily dismiss a proceeding under Rule 41(a)(1), Fed.R.Civ.P. *See Aamot v. Kassel,* 1 F.3d 441 (6th Cir. 1993) (holding that defendant's motion to dismiss under Rule 12(b)(6) did not preclude plaintiff's voluntary dismissal under Rule 41(a)(1)); *Carter v. United States,* 547 F.2d 258 (5th Cir. 1977) (same).; *Muller v. TSC Industries, Inc.,* No. 92-4084-S, 1992 WL 223766, at *1 (D.Kan. 1992 August 26, 1992) ("Rule 41 establishes a bright line rule and the filing of a motion to dismiss will not prevent the plaintiff from voluntarily dismissing the case.") (citing *Exxon Corp. v. Maryland Casualty Co.,* 599 F.2d 659, 661 (5th Cir.1979)). *See also Netwig v. Georgia Pac. Co.,* 375 F.3d 1009, 1010 (10th Cir.2004) (under the plain language of Rule 41(a)(1), when no answer or summary judgment motion has been filed, a plaintiff has the right to voluntarily dismiss his case without court order); *Janssen v. Harris,* 321 F.3d 998, 1000 (10th Cir.2003) (Under Rule 41(a)(1), "a plaintiff has an absolute right to dismiss [his case] without prejudice").

> A motion to dismiss is neither an answer nor, unless accompanied by affidavits discussing matters outside the pleadings that are not excluded by the court, a motion for summary judgment; thus, unless formally converted into a motion for summary judgment under Rule 56, a motion to dismiss under Rule 12 does not terminate the right of dismissal by notice.
>
> 9 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2363

This is true notwithstanding the effort spent by Defendants in preparing their motion to dismiss. *See Carter v. United States,* 547 F.2d at 259.

3

WHEREFORE, IT IS HEREBY ORDERED that the Motion to Dismiss Without Prejudice is hereby DENIED as to Defendant Philip J. Montoya and GRANTED as to Defendants U.S. Department of Justice and Ron E. Andazola.

*[signature]*
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Antel Clark and Carmelita Clark
12021 Skyline Dr. NE
Albuquerque, NM 87123

George Moore
Attorney for Philip J. Montoya
PO Box 216
Albuquerque, NM 87103

Manuel Lucero
Assistant U.S. Attorney
PO Box 607
Albuquerque, NM 87103

*[signature]*
Ellen C. Snyder
Law Clerk

4

Case 04-01047-m   Doc 27   Filed 11/03/04   Entered 11/03/04 13:53:00 Page 5 of 5